JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

15-2202

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jacqueline C. Romero
U.S. Attorney's Office, 615 Chestnut St. Ste 1250  Phila. PA. 19106

## DEFENDANTS
ONE (1) PALMETTO STATE ARMORY PA-15 MACHINEGUN RECEIVER/FRAME, UNKNOWN CALIBER, SERIAL NUMBER:

County of Residence of First Listed Defendant  **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
David Ryan Scott, Esq.
24 Regency Plaza, Glenn Mills, PA 19342

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | [X] 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Section 924(d)(1) and or 26 U.S.C. Section 5872(a) made applicable by 28 U.S.C. Section 2461(c)
Brief description of cause:
Illegal possession of firearm, and or possessing an unregistered firearm

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: April 25, 2015

SIGNATURE OF ATTORNEY OF RECORD: Jacqueline Romero

APR 24 2015

S.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 615 CHESTNUT STREET, SUITE 1250, PHILADELPHIA, PA 19106-4476

Address of Defendant: N/A

Place of Accident, Incident or Transaction: PHILADELPHIA, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes [ ]   No [✓]

Does this case involve multidistrict litigation possibilities?    Yes [ ]   No [✓]

RELATED CASE, IF ANY:
Case Number: 14-CV-6569    Judge: DALZELL    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [✓]   No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [✓]   No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [✓]

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and...
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    (Please specify) Asset Forfeiture (Illegal possession of f...)

THIS CASE IS RELATED TO: 14cv6569

CIVIL ACTION NO.
CRIMINAL NO.

ASSIGNED TO: Judge Dalzell

APR 24 2015

I, Jacqueline C. Romero, cou...

[ ] Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

[✓] Relief other than monetary damages is sought.

DATE: 4/24/15    _____ Attorney-at-Law    N/A  APR 24 2015   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____ Attorney-at-Law    _____ Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

United States of America
v.
1 Palmetto State Armory PA-15
Machinegun Receiver/Frame

CIVIL ACTION

NO. 15 2202

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

4/24/15      Jacqueline Romero      USAO
**Date**      **Attorney-at-law**      **Attorney for**

215 861-8301            jacqueline.romero@usdoj.gov
**Telephone**      **FAX Number**      **E-Mail Address**

(Civ. 660) 10/02

APR 24 2015



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff, | : | 15    2202 |
| v. | : | No. 15-CV-_____ |
| ONE (1) PALMETTO STATE ARMORY PA-15 MACHINEGUN RECEIVER/FRAME, UNKNOWN CALIBER, SERIAL NUMBER: LW001804 | : : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | | |

### VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, plaintiff herein, by and through its attorneys, Zane David Memeger, United States Attorney, J. Alvin Stout, III, and Jacqueline C. Romero, Assistant United States Attorneys, in and for the Eastern District of Pennsylvania, complains against the above-named defendant property and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of America One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber, Serial Number LW001804 (hereinafter "Defendant Firearm") as 1) a firearm involved in a knowing violation of 18 U.S.C. § 922(o) and, therefore, forfeitable pursuant to 18 U.S.C. § 924(d)(1), and/or 2) a firearm involved in a violation of 26 U.S.C. § 5861(d) and, therefore, forfeitable pursuant to 26 U.S.C. § 5872(a) made applicable by 28 U.S.C. § 2461(c).

## JURISDICTION AND VENUE

2.  The United States brings this action *in rem* in its own right to forfeit and condemn the Defendant Firearm. This court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3.  This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)(1). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b) because a civil proceeding for forfeiture of property may be prosecuted in any district where such property is found.

## THE DEFENDANT *IN REM*

5.  The Defendant Firearm is a Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber, Serial Number LW001804 that federal law enforcement officials seized on November 14, 2014. The Defendant Firearm is currently in the custody of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for this district and will remain within the jurisdiction of this Court during the pendency of this action. *See* Affidavit of ATF Special Agent Ryan J. Kovach, attached hereto as Exhibit A and made a part hereof.

## BASIS FOR FORFEITURE

6.  The Defendant Firearm is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) which provides for the forfeiture of any firearm involved in or used in any willful violation of a provision of chapter 44 of Title 18 of the United States Code. At the time of the seizure of the Defendant Firearm, the Defendant Firearm was a machinegun possessed in violation of 18

U.S.C. § 922(o) which makes it "unlawful for any person to transfer or possess a machinegun" without authority of the United States to do so.

7. The Defendant Firearm is also subject to forfeiture pursuant to 26 U.S.C. § 5872(a) made applicable by 28 U.S.C. § 2461(c) which provides that any firearm involved in any violation of 26 U.S.C. Chapter 53 shall be subject to seizure and forfeiture. At the time of the seizure of the Defendant Firearm, the Defendant Firearm was a machinegun possessed in violation of 26 U.S.C. § 5861(d) because it was not properly registered in the National Firearms Registration and Transfer Record.

## FACTS

8. The Watson Family Gun Trust was created and exists under the laws of the Commonwealth of Pennsylvania. The Trust is not a part of the United States Government, nor is it a part of any department or agency thereof, nor does it act upon the authority of the United States. *See* Exhibit A.

9. On August 5, 2014, an examiner at ATF's National Firearms Act Branch erroneously approved a Form 1 application from the Watson Family Gun Trust to make and register the Defendant Firearm. Shortly after receiving notice of approval of the Form 1 application, Ryan Watson and/or someone acting on behalf of the Watson Family Gun Trust did manufacture the Defendant Firearm. The Defendant Firearm bears serial number LW001804. *See* Exhibit A.

10. At all times after the Defendant Firearm was manufactured, it met the statutory definition for a machinegun as set forth in 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b). *See* Exhibit A.

11. Ryan Watson, Trustee of the Watson Family Gun Trust, admitted that on or about

September 10, 2014, he received an email from ATF stating that the status of the approved Form 1 had been changed from "Approved" to "Disapproved." See Eastern District of Pennsylvania, 14-CV-06569, Docket No. 1, page 11. ATF did change the status of the approved Form 1 Application from "Approved" to "Disapproved" on that date. See Exhibit A.

12. In September of 2014, William J. Boyle, Chief of the National Firearms Act Branch of the ATF, sent a letter to the Watson Family Trust informing them that the Watson Family Trust did not have authority to possess the unregistered Defendant Firearm and was prohibited from possessing Defendant Firearm under both the Gun Control Act and the National Firearms Act. See Exhibit A.

13. In September and/or October of 2014, ATF Special Agent Ryan Kovach spoke to Ryan Watson and told him that if he and/or the Watson Family Trust manufactured a machinegun after the erroneous August 5, 2014 approval of the Form 1 application, they were now in possession of an unregistered machinegun, they were prohibited from possessing such a machinegun under both the Gun Control Act and the National Firearms, and they would have to turn the machinegun over to ATF. See Exhibit A.

14. On October 29, 2014, Essam Rabadi, Special Agent in Charge of the Philadelphia Field Division of ATF, wrote a letter to Ryan Watson, explaining that the ATF Form 1 for the Defendant Firearm had been approved in error. Special Agent in Charge Rabadi further informed Watson that the Defendant Firearm would need to be turned over or abandoned to ATF Special Agent Ryan Kovach because possession of an unregistered machinegun is a federal felony. See Exhibit A.

15. On November 14, 2014, Ryan Watson surrendered the Defendant Firearm to ATF Special Agent Ryan Kovach. See Exhibit A.

16. From September 10, 2014 until November 14, 2014, Ryan Watson and the Watson Family Trust knowingly possessed the Defendant Firearm. *See* Exhibit A.

17. From September 10, 2014 until November 14, 2014, neither Ryan Watson nor the Watson Family Trust had authorization from ATF, or any other department or agency of the United States to retain possession of the Defendant Firearm. *See* Exhibit A.

18. From September 10, 2014 until November 14, 2014, the Defendant Firearm was possessed willfully and without authority of the United States in violation of 18 U.S.C. § 922(o). *See* Exhibit A.

19. From September 10, 2014 until November 14, 2014, Ryan Watson and the Watson Family Trust possessed a firearm which was not registered to them in the National Firearms Registration and Transfer Record. *See* Exhibit A.

20. From September 10, 2014 until November 14, 2014, the Defendant Firearm was not validly registered with ATF, in violation of 26 U.S.C. § 5861(d). *See* Exhibit A.

21. On January 8, 2015, ATF sent notice stating their intent to administratively forfeit the Defendant Firearm. *See* Exhibit A.

22. On or about January 27, 2015, Ryan Watson, acting either as an individual or as a trustee of the Watson Family Gun Trust, filed a claim with the ATF seeking the return of the Defendant Firearm. *See* Exhibit A.

23. As a result of the forgoing facts, the Defendant Firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 26 U.S.C. § 5872, made applicable by 28 U.S.C. § 2461(c). *See* Exhibit A.

## CLAIM FOR RELIEF

### COUNT I

24. Pursuant to 18 U.S.C. § 922(o), "it shall be unlawful for any person to transfer or possess a machinegun." Pursuant to 18 U.S.C. § 924(d)(1), any firearm involved in or used in any willful violation of a provision of Chapter 44 of Title 18 of the United States Code is subject to forfeiture.

25. From September 10, 2014 until November 14, 2014 (and on any individual day within these dates), Ryan Watson and/or the Watson Family Trust and/or other persons possessed the Defendant Firearm willfully and without authority of the United States in violation of 18 U.S.C. § 922(o); therefore, the Defendant Firearm is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

### COUNT II

26. Pursuant to 26 U.S.C. § 5861(d), "it shall be unlawful for any person…to…possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." Pursuant to 26 U.S.C. § 5872, made applicable by 28 U.S.C. § 2461(c), any firearm involved in any violation of 26 U.S.C. Chapter 53 shall be subject to seizure and forfeiture.

27. From September 10, 2014 until November 14, 2014 (and on any individual day within these dates), the Defendant Firearm was not validly registered in the National Firearms Registration and Transfer Record and was possessed by Ryan Watson and/or the Watson Family Trust and/or other individuals in violation of 26 U.S.C. § 5861(d); therefore, the Defendant Firearm is subject to forfeiture pursuant to 26 U.S.C. § 5872, made applicable by 28 U.S.C. § 2461(c).

WHEREFORE, the plaintiff, United States of America requests that as to both Count I

and Count II:

The Defendant Firearm be proceeded against according to the law and rules of this Court and that due notice be given to all potential claimants to appear and show cause why forfeiture should not be decreed; and

The Court, for the reasons set forth above, adjudge and decree that the defendant property be forfeited to the United States of America, and disposed of in accordance with the existing laws, together with costs, and for such other relief as this Court deems proper and just.

Respectfully Submitted,

ZANE DAVID MEMEGER
United States Attorney

J. ALVIN STOUT, III
Assistant United States Attorney
Chief, Asset Forfeiture

JACQUELINE C. ROMERO
Assistant United States Attorney

Date:

## VERIFICATION

I, Ryan J. Kovach, being of legal age, verify and, pursuant to 28 U.S.C. '1746(2), declare and state as follows:

1. I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and was assigned to the investigation of this case.

2. I have reviewed the forgoing Verified Complaint for Forfeiture and know the contents thereof, and the matters contained in the Complaint are true to my knowledge.

3. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under penalty of perjury that the forgoing is true and correct.

Executed on April 22, 2015.

*[signature]*
RYAN J. KOVACH
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

## CERTIFICATION OF SERVICE

I hereby certify that I caused a true and correct copy of the Verified Complaint for Forfeiture, Supporting Affidavit and Arrest Warrant *In Rem* to be served by certified mail, return receipt requested, on the following:

>David R. Scott, Esquire
>Counsel for Claimant
>Law Offices of J. Scott Watson, P.C.
>24 Regency Plaza
>Glen Mills, PA 19342

Dated:

Jacqueline C. Romero
Assistant United States Attorney



## AFFIDAVIT

I, Ryan J. Kovach, being duly sworn, depose and state as follows:

### I.   INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since August 2002. I am currently assigned to the Harrisburg Field Office, whose primary mission is to investigate those individuals and groups that are engaged in the commission of federal firearms violations - specifically, violations of Title 18 and Title 26 of the United States Code.

2. I submit this affidavit in support of a civil forfeiture complaint filed in the United States District Court for the Eastern District of Pennsylvania to forfeit a Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber, Serial Number LW001804 ("Defendant Firearm"). The Defendant Firearm is currently in the custody of ATF for this district and will remain within the jurisdiction of this Court during the pendency of this action. This Affidavit summarizes the investigation leading to the seizure of the defendant firearm, including observations, and information from other agents. It does not detail the entire investigation or all statements made by persons with knowledge of the underlying facts.

3. I submit that there is a reasonable belief that the Defendant Firearm is a firearm involved in a knowing violation of 18 U.S.C. § 922(o) and, therefore, forfeitable pursuant to 18 U.S.C. § 924(d)(1) and is a firearm involved in a violation of 26 U.S.C. § 5861(d) and, therefore, is forfeitable pursuant to 26 U.S.C. § 5872(a) made applicable by 28 U.S.C. § 2461(c).

4. I base this affidavit on my training and experience as a Special Agent with ATF. As a Special Agent, I have received specified training at the Federal Law Enforcement Training Center in Brunswick, Georgia related to criminal violations of the federal firearms laws. This

training consisted of multiple subject areas and included, but was not limited to, crime scene processing, evidence preservation, surveillance, interview techniques, instruction on the criminal statutes and criminal procedure, preparation of probable cause affidavits and court preparation. Additionally, during my tenure, I have conducted multiple investigations involving violations of the federal criminal statutes, including federal firearms statutes. I have been the affiant for arrest, search and seizure warrants, and I have directed and organized numerous operations involving a variety of law enforcement techniques. I have also participated in numerous other firearms-related investigations conducted by local, state, federal, and international authorities involving a variety of other crimes. Those investigations also included the execution of arrest, search and seizure warrants, as well as various other law enforcement techniques, including undercover operations and surveillance operations.

## II. FACTUAL BACKGROUND

5. The Watson Family Gun Trust was created and exists under the laws of the Commonwealth of Pennsylvania. The Trust is not a part of the United States Government, nor is it a part of any department or agency thereof, nor does it act upon the authority of the United States.

6. On August 5, 2014, an examiner at ATF's National Firearms Act Branch erroneously approved a Form 1 application from the Watson Family Gun Trust to make and register the Defendant Firearm. Shortly after receiving notice of approval of the Form 1 application, Ryan Watson and/or someone acting on behalf of the Watson Family Gun Trust did manufacture the Defendant Firearm. The Defendant Firearm bears serial number LW001804.

7. At all times after the Defendant Firearm was manufactured, it met the statutory definition for a machinegun as set forth in 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b).

8. Ryan Watson, Trustee of the Watson Family Gun Trust, admitted that on or about September 10, 2014, he received an email from ATF stating that the status of the approved Form 1 had been changed from "Approved" to "Disapproved." See Eastern District of Pennsylvania, 14-CV-06569, Docket No. 1, page 11. ATF did change the status of the approved Form 1 Application from "Approved" to "Disapproved" on that date.

9. In September of 2014, William J. Boyle, Chief of the National Firearms Act Branch of the ATF, sent a letter to the Watson Family Trust informing them that the Watson Family Trust did not have authority to possess the unregistered Defendant Firearm and was prohibited from possessing the Defendant Firearm under both the Gun Control Act ("GCA") and the National Firearms Act ("NFA").

10. In September and/or October of 2014, I spoke to Ryan Watson and told him that if he and/or the Watson Family Trust manufactured a machinegun after the erroneous August 5, 2014 approval of the Form 1 application, they were now in possession of an unregistered machinegun, they were prohibited from possessing such a machinegun under both the Gun Control Act and the National Firearms, and they would have to turn the machinegun over to ATF.

11. On October 29, 2014, Essam Rabadi, Special Agent in Charge of the Philadelphia Field Division of ATF, wrote a letter to Ryan Watson, explaining that the ATF Form 1 for the Defendant Firearm had been approved in error. Special Agent in Charge Rabadi further informed Watson that the Defendant Firearm would need to be turned over or abandoned to ATF Special Agent Ryan Kovach because possession of an unregistered machinegun is a federal felony.

3

12. On November 14, 2014, I went to 24 Regency Plaza, Glenn Mills, PA and met with Ryan Watson. At that time, I provided Watson with legal correspondence from the Philadelphia Field Division of ATF regarding the erroneous NFA approval of the Form 1 application. During my meeting with Watson, Watson agreed to surrender the Defendant Firearm that had been manufactured and that he possessed. The components of the machinegun included a Palmetto State Armory Lower Receiver bearing serial number LW0011804, as well as the trigger assembly. This was the machinegun that was manufactured following application by the Watson Family Gun Trust to the ATF NFA Branch.

13. From September 10, 2014 until November 14, 2014, Ryan Watson and the Watson Family Trust knowingly possessed the Defendant Firearm.

14. From September 10, 2014 until November 14, 2014, neither Ryan Watson nor the Watson Family Trust had authorization from ATF, or any other department or agency of the United States to retain possession of the Defendant Firearm.

15. From September 10, 2014 until November 14, 2014, the Defendant Firearm was possessed willfully and without authority of the United States in violation of 18 U.S.C. § 922(o).

16. From September 10, 2014 until November 14, 2014, Ryan Watson and the Watson Family Trust possessed a firearm which was not registered to them in the National Firearms Registration and Transfer Record.

17. From September 10, 2014 until November 14, 2014, the Defendant Firearm was unregistered and possessed willfully and without authority of the United States in violation of 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d).

18. On January 8, 2015, ATF sent notice stating their intent to administratively forfeit the Defendant Firearm.

4

19. On or about January 27, 2015, Ryan Watson, acting either as an individual or as a trustee of the Watson Family Gun Trust, filed a claim with the ATF seeking the return of the Defendant Firearm.

20. As a result of the forgoing facts, the Defendant Firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. ' 924(d)(1) and 26 U.S.C. § 5872, made applicable by 28 U.S.C. § 2461(c).

### III. CONCLUSION

21. Based on the information contained in this affidavit and based on his experience in the investigation of firearms offenses, your affiant submits that there is a reasonable belief that the One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber, Serial Number LW001804 is a firearm possessed in violation of 18 U.S.C. § 922(o) and/or 26 U.S.C. § 5861(d). Your affiant therefore respectfully requests that the aforementioned firearm be forfeited.

Ryan J. Kovach
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Date: 4-22-15