IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.2:15-cv-2202-SD |
| | ) | (consolidated with 2:14-cv-6569-SD) |
| ONE PALMETTO STATE ARMORY | ) | |
| PA-15 MACHINEGUN RECEIVER/FRAME | ) | |
| UNKNOWN CALIBER, SERIAL NUMBER | ) | |
| LW001804, Defendant | ) | |
| | ) | |
| And | ) | |
| | ) | |
| WATSON FAMILY GUN TRUST, | ) | |
| Claimant | ) | |
| | ) | |

**UNOPPOSED MOTION FOR CERTIFICATION OF ENTRY OF
FINAL JUDGMENT PURSUANT TO FRCP 54(b)**

COMES NOW, Claimant/Plaintiff Ryan S. Watson Individually and as Trustee of the Watson Family Gun Trust, by and through undersigned counsel, and hereby files this Unopposed Motion for Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) regarding the Court's Opinion and Order entered July 22, 2015 [ECF Nos. 6, 7].

1. The appealed action was commenced by Complaint on November 14, 2014, styled *Watson v. Holder, et al.*; Civil Action No. 2:14-cv-6569-SD.

2. Defendants in that case filed their Motion to Dismiss, or in the Alternative, for Summary Judgement on January 16, 2015.

3. Claimant/Plaintiff responded to Defendants' motion on January 30, 2015.

4. On June 22, 2015, the Court granted Claimant/Plaintiff's Motion to Consolidate the first action with the forfeiture action, consolidating the cases "for all purposes under C.A. No. 15-2202."

5. On July 22, 2015, this Court granted Defendants' motion to dismiss Claimant/Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court further ordered the parties to file any motions regarding the now consolidated forfeiture action.

6. On August 1, 2015, Claimant/Plaintiff noticed his appeal to this Court regarding the Court's Opinion and Order entered July 22, 2015 [ECF Nos. 6, 7].

7. On August 3, 2015, Claimant/Plaintiff filed his Joint Motion to Stay Forfeiture Proceedings Pending Appeals which the Court granted on August 6, 2015 [ECF No. 11].

8. On August 10, 2015, the Clerk of the Third Circuit Court of Appeals sent the following correspondence, attached as Exhibit "A" to this Motion, which states in part, "The order appealed is not final within the meaning of 28 U.S.C. § 1291 and is not otherwise appealable at this time. It appears that the forfeiture portion of the consolidated proceedings is still ongoing."

9. Pursuant to 28 U.S.C. § 1291, "[t]he courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States…" "Generally, an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291. *Elliott*, 682 F.3d at 219." *In re Fosamax (Alendronate Sodium) Products Liab. Litig. (No. II),* 751 F.3d 150, 156 (3d Cir. 2014). However, pursuant to Fed. R. Civ. P. 54(b), a "a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." *Id*.

10. Fed. R. Civ. P. 54(b) provides that:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

11. Because the Third Circuit Court of Appeals stated that the order appealed from is not a final order, Plaintiff/Claimant seeks certification pursuant to Fed. R. Civ. P. 54(b) that this Court's Order is a "final judgment" in favor of the Defendants so the appeal can move forward while the forfeiture action is stayed.

12. The Third Circuit Court of Appeals has routinely held that:

> "Obtaining a final judgment cures the jurisdictional defect of an otherwise premature appeal. *N.J. Tpk. Auth. v. PPG Indus., Inc*., 197 F.3d 96, 102 n. 5 (3d Cir.1999) ('We conclude that any jurisdictional defects inherent in the District Court's [earlier, non-final] order were cured by the [Rule] 54(b) certification, and that we therefore have jurisdiction to consider th[e] appeal.'); see also *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 185 (3d Cir.1983) ('[A] premature appeal taken from an order which is not final but which is followed by an order that is final may be regarded as an appeal from the final order in the absence of the showing of prejudice to the other party.'"

*Fosamax*, 751 F.3d at 156.

13. Whether or not to grant certification "rest[s] in the sound discretion of the court." *Ely v. Cabot Oil & Gas Corp*., 3:09-CV-2284, 2015 WL 1963108, at *2 (M.D. Pa. May 1, 2015).

14. There are two findings that must be made in this Court to certify this Court's Order as final. The first is that "there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief…" *Ely*, 2015 WL 1963108 at *2 (quoting *Curtiss–Wright Corp. v. General Elec*. Co., 446 U.S. 1, 7–8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (additional citation omitted).  The second finding must be "there is no just reason for delay." *Id*.  The requirement of the finding of "no just reason for delay" is "not merely formalistic" as the "district court must instead 'clearly articulate the reasons and factors underlying its decision.'" *Jankowski v. Lellock*,

2:13-CV-194, 2015 WL 4412096, at *2 (W.D. Pa. July 17, 2015) (quoting *Allis–Chalmers Corp. v. Phila. Elec. Co*., 521 F.2d 360, 364 (3d Cir.1975)).

15. The first step is fairly straightforward as this Court's Order held that "Defendants' motion to dismiss Watson's complaint pursuant to 12(b)(6) is GRANTED" (Order, ¶ 5). It is effectively a final order as it completely addressed all claims and causes of action from the first Complaint, and should be considered a final order. But for the forfeiture action, a certification would not be necessary.

16. The second step includes several factors. Those factors are

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id*. at *3 (*quoting Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir.2006);

*quoting Allis–Chalmers Corp*., 521 F.2d at 364).

17. For the first factor, the forfeiture action is directly tied to the ruling in the Opinion and Order. So much so, that Plaintiff/Claimant stipulated that if his appeals are unsuccessful, he will not contest forfeiture. However, if forfeiture must go on, under this Court's current Opinion and Order, it is unlikely to result in a favorable outcome for Plaintiff/Claimant and Plaintiff/Claimant will have no recourse to recover his machinegun if he is unsuccessful defending the forfeiture and then appeals at that time.

18. The second factor weighs in Plaintiff/Claimant's favor as if his appeals are unsuccessful, there will be no further developments in this Court as he essentially conceded forfeiture is proper.

19. For the third factor, only if Plaintiff/Claimant would not concede forfeiture after unsuccessful appeals would the reviewing court be obliged to consider the same issue a second time. As stated previously, forfeiture will not be contested if Plaintiff/Claimant is unsuccessful in his appeals.

20. The fourth factor is non-existent. The fifth factor weighs in Plaintiff/Claimant's favor as the additional expenses of litigating the forfeiture action and then appealing the entirety of the case, which would be required so as not to waive any rights Plaintiff/Claimant has to the machinegun at issue, would be completely unnecessary if he is unsuccessful in his appeals. Litigating the forfeiture only increases the expenses of Plaintiff/Claimant and the government and additionally utilizes resources of this Court unnecessarily.

21. The above factors leads to the conclusion that there is no just reason for delay in entering final judgment.

22. Undersigned counsel conferred with counsel for the government and they do not oppose the relief sought in this Motion.

23. A proposed order is attached as Exhibit "B."

**WHEREFORE PREMISES CONSIDERED**, Plaintiff/Claimant requests this Court to grant his Unopposed Motion for Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b).

This, the ___12th___ day of August, 2015.

                                        Respectfully submitted,

                                        _/s/ Stephen D. Stamboulieh_____
                                        STEPHEN D. STAMBOULIEH
                                        ATTORNEY FOR PLAINTIFF

**Of Counsel:**

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
Admitted Pro Hac Vice

Alan Alexander Beck
Law Office of Alan Beck
4780 Governor Drive
San Diego, CA  92122
(619) 971-0414
alan.alexander.beck@gmail.com
Admitted Pro Hac Vice

## CERTIFICATE OF COUNSEL FOR UNCONTESTED MOTION

I, Stephen D. Stamboulieh, hereby certify that the relief requested in the Motion is unopposed.

This, the  12th  day of August, 2015.

>**/s/ Stephen D. Stamboulieh**
>Stephen D. Stamboulieh
>Stamboulieh Law, PLLC
>P.O. Box 4008
>Madison, MS  39130
>(601) 852-3440
>stephen@sdslaw.us
>MS Bar No. 102784
>Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I, Stephen D. Stamboulieh, hereby certify that the above Unopposed Motion for Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) has been filed electronically with the Clerk of this Court, which sends notification of such filing to all counsel of record in this case.

This, the   12th    day of August, 2015.

>**/s/ Stephen D. Stamboulieh**
>Stephen D. Stamboulieh
>Stamboulieh Law, PLLC
>P.O. Box 4008
>Madison, MS  39130
>(601) 852-3440
>stephen@sdslaw.us
>MS Bar No. 102784
>Admitted Pro Hac Vice